MEMORANDUM OPINION



No. 04-04-00378-CV



IN RE GUARDIANSHIP OF LUCILLE F. PANZA, AN INCAPACITATED PERSON





From the Probate Court No. 1, Bexar County, Texas


Trial Court No. 2003-PC-03038


Honorable Polly Jackson Spencer, Judge Presiding



PER CURIAM


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: October 13, 2004


DISMISSED

 On September 20, 2004, appellant filed a motion stating that the parties have fully
compromised and settled all issues in this appeal. The motion requests that we either: (1) dismiss the
appeal and render judgment in accordance with the parties' settlement agreement; or (2) dismiss the
appeal and remand for entry of judgment in accordance with the parties' settlement agreement.

 On September 22, 2004, we notified the appellant that while this court may dismiss an appeal
in accordance with a motion of the appellant or pursuant to an agreement of the parties, we are not
permitted to dismiss and remand for further proceedings or dismiss and render judgment. Our order
stated that the types of judgments this court is authorized to enter are found in Rule 43.2 of the Texas
Rules of Appellate Procedure, which provides that the court of appeals may: 

 (a) affirm the trial court's judgment in whole or in part; 

 (b) modify the trial court's judgment and affirm it as modified; 

 (c) reverse the trial court's judgment in whole or in part and render the judgment
 that the trial court should have rendered; 

 (d) reverse the trial court's judgment and remand the case for further proceedings; 

 (e) vacate the trial court's judgment and dismiss the case; or 

 (f) dismiss the appeal. 

Tex. R. App. P. 43.2. Accordingly, we instructed appellant to clarify the nature of the disposition the
parties agreed for this court to take with regard to this appeal. 

 On October 6, 2004, appellant responded to our order. Appellant's response, however, fails
to clarify the nature of the disposition the parties have agreed for this court to take with regard to the
appeal. We therefore interpret appellant's September 20, 2004 motion as a motion seeking dismissal
of the appeal pursuant to Rule 43.2(f). See id. at (f). Appellant's motion to dismiss is granted, and
the appeal is dismissed.

 PER CURIAM